**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Kristen M. Bach | ) | |
| | ) | No. 25-21292-MCR |
| Debtor. | ) | Chapter 13 |
| | ) | |

**MOTION TO DIRECT PAYMENT OF ATTORNEY'S FEES**

**NOW COMES** Debtor, by and through above stated counsel, and hereby moves this Court to direct that certain funds being held by the Chapter 13 Trustee be paid to Counsel. In support of this Motion, the Debtor respectfully states as follows:

***Jurisdiction and Venue***

1. This Court has jurisdiction over this Chapter 13 Case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Pursuant to 28 U.S.C. § 157(b)(2), this is a core proceeding. Venue is proper in this District pursuant to 28 U.S.C. § 1409 because the underlying bankruptcy case is pending in this court. To the extent this Court may lack the authority to enter a final judgment in this matter pursuant to the holdings in *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594 (2011) and *Wellness International Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S. Ct. 1932 (2015), and pursuant to Rule 7008(a), the Debtor consents to this Court's entry of a final judgment.

2. The statutory and legal predicates for the relief requested herein are sections 105(a), 330(a)(4)(B), 503(b)(2), and 1326(a)(2) of the Bankruptcy Code.

***Background***

3. Debtor filed the within case on December 2, 2025. Pursuant to the 2016(b) filed herein, Counsel charged a flat fee for representation of $6,800.00, of which $187.00 was paid before the case was filed, leaving a balance due of $6613.00. The balance was to be paid through the Debtor's Chapter 13 Plan.

4. Due to loss of household income, on August 28, 2026, with the consent of the Debtor, the Court denied confirmation of the Debtor's Plan without leave to amend.

5. As of the date of filing of this Motion, the Chapter 13 Trustee was holding the sum of $823.50 in Debtor payments after deduction of Trustee fees.

***Discussion***

Counsel requests that the Court enter an Order that the Chapter 13 Trustee pay Counsel directly from the monies held the balance of the attorney's fees due, less any trustee fees due and owing.

Pursuant to 11 U.S.C. § 1326(a)(2), "If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title." 11 U.S.C. § 503(b)(2) provides that administrative expenses, "including - . . . compensation or reimbursement awarded under section 330(a) of this title" are allowed. Finally, 11 U.S.C. § 330(a)(4)(B) provides: "In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section."

Therefore, in a Chapter 13 case, Debtor's Counsel is within the scope of section 330(a) and counsel fees are an administrative expense. This administrative expense is entitled to payment directly from the funds held by the Chapter 13 Trustee.

The situation in the within case is distinguishable from that presented in *Harris v. Viegelahn,* 575 U.S. 510, 135 S.Ct. 1829 (2015), in that the Plan in this case has not been confirmed, s*ee In re Brandon,* 537 B.R. 231 (Bankr.D.Md. 2015).

Counsel has provided the following services to Debtor in this matter:

A. Communications with Debtor prior to the filing of this case, and preparation and review with the Debtor the Petition, Means Test, Schedules, Statement of Financial Affairs, and Chapter 13 Plan;

B. Attended Debtor's 341 meeting, corresponded and spoke with the Debtor regarding the Trustee requirements for providing requested information and materials, and obtained, reviewed, and provided the Chapter 13 Trustee with requested information;

C. Discussed with the Chapter 13 Trustee and/or staff counsel the requirements for having the Trustee recommend confirmation, and prepared and filed an amended Chapter 13 Plan;

D. Addressed disputed tax claims with the IRS and Debtor;

E. Prepared and filed proofs of claim on behalf of Debtor's mortgagee and real estate taxing authorities.

F. Performed such other services as are normal and incident to the representation of a Debtor in a Chapter 13 case.

Counsel respectfully submits and hereby affirms to the Court that the fees for the legal services provided and the legal services performed on behalf of Debtor were both reasonable and necessary, based on the customary compensation charged by Counsel and comparably skilled professionals. Counsel further submits that for the purpose of this Motion, the flat fee set forth above is a proper and equitable basis on which this Court may make an allowance for fees.

No agreement or understanding exists between Counsel and any other person for the division or sharing of compensation for services rendered or costs advanced in connection with Counsel's representation of Debtor.

The Chapter 13 Trustee may be entitled to fees in connection with the administration of this matter, which should be and apparently have been deducted from funds held before any distribution to Counsel hereunder.

The Debtor therefore prays that the Court order the Chapter 13 Trustee to pay the fees requested in this application directly to Counsel from the pre-confirmation payments held by the Chapter 13 Trustee, less any Trustee fees due and owing, and that the Chapter 13 Trustee be directed to make no disbursements from such funds until the resolution of this Motion.

***Conclusion***

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

.

Respectfully submitted,

_/s/ Daniel M. Press________________________

Daniel M. Press, Esq. #07300
Law Offices of Daniel M. Press
201 Washington St.
Cumberland MD 21502
(703) 725-7600
dan@danpress.us

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of September, 2026, I caused a copy of the foregoing document to be served by CM/ECF upon:

Rebecca A. Herr ecf@ch13md.com

Dayna Kipnis dayna.kipnis2@usdoj.gov,
Andrea.Da.Silva2@usdoj.gov,
CaseView.ECF@usdoj.gov

and by first class mail, postage prepaid, upon the Debtor at:

Kristen Bach
120 Columbia St
Cumberland, MD 21502

_/s/ Daniel M. Press________________________
Daniel M. Press